UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Yves SABATO**<br><br>  Plaintiff,<br>v.<br><br>**U.S. CITIZENS AND IMMIGRATION SERVICES; BOSTON ASYLUM OFFICE; MEGHANN BOYLE,** in her official capacity as Director- Boston Asylum Office; **TRACY RENAUD,** in her official capacity as Acting Director, U.S. Citizenship and Immigration Services; and **ALEJANDRO MAYORKAS**, in his official capacity as Secretary of the U.S. Department of Homeland Security,<br><br>  Defendants. | Civil Action No:<br><br><br>**COMPLAINT FOR INJUNCTIVE, DECLARATORY, AND MANDAMUS RELIEF** |

The plaintiff, Yves SABATO, by and through undersigned counsel, files this Complaint for Injunctive, Declaratory and Mandamus relief, and in support thereof, allege as follow:

### INTRODUCTION

This is a civil action brought in the nature of a writ of mandamus and for declaratory and injunctive relief to compel final agency action that has been unlawfully withheld and unreasonably delayed with respect to the adjudication of an I-589, Application for Asylum *nunc pro tunc*.

1

## JURISDICTION

1. This action is brought against the defendants, and those acting under them, for refusing to comply with their federally mandated duties under the Immigration and Nationality Act of 1952 (INA), Pub. L. No. 82-414, 66 Stat. 163 (*codified as amended* at 8 U.S.C. §§ 1101 *et seq*.); title 8 of the Code of Federal Regulations; the Administrative Procedure Act (APA) 5 U.S.C. §§ 555(b), 701, *et seq*.; and for violations of the due process and equal protection clauses of the Fifth Amendment.

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question); and 1346(a)(2) (United States as defendant). This Court may grant relief pursuant to 5 U.S.C. §§ 702, 706 (judicial review of agency action); 28 U.S.C. § 1361 (the Mandamus Act); 28 U.S.C. § 1651 (the All Writs Act); and 28 U.S.C. §§ 2201-02 (the Declaratory Judgment Act).

## VENUE

3. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(e)(1) because a "substantial part of the events or omissions giving rise to the claim occurred," in said district.

## PARTIES

4. Plaintiff, Yves Sabato, is a non-citizen who resides in Middlesex County. He is the applicant of the application that is the subject of this complaint.

5. U.S. Citizenship and Immigration Services (USCIS) is an agency of the U.S. Department of Homeland Security, and is responsible for the adjudication of affirmative applications for immigration benefits, including the immigrant application that is the subject of this

complaint. USCIS is responsible for the legal wrongs committed against the plaintiff. The Boston Asylum Office is part of USCIS.

6. Meghaan Boyle is sued in her official capacity as the Director of the Boston Asylum Office. In this capacity, she has supervisory authority over all operations at the Boston Asylum Office which is responsible for the legal wrongs committed against the plaintiff.

7. Tracy Renaud is sued in her official capacity as the Acting Director of the U.S. Citizenship and Immigration Services.

8. Alejandro Mayorkas is sued in his official capacity as Secretary of the U.S. Department of Homeland Security.

## EXHAUSTION OF REMEDIES

9. The plaintiff has exhausted his administrative remedies. There is no administrative remedy, or statutory or regulatory remedy for review under the INA, or the Code of Federal Regulations to address his particular circumstances.

## FACTUAL ALLEGATIONS

10. Plaintiff, Yves Sabato, is a noncitizen. He was born on July 27, 1990, in Rwanda.

11. On June 2, 2010, Plaintiff entered the United States on an F-1 student visa.

12. Plaintiff's mother, Josephine Mushimiyimana was granted asylum on June 23, 2010.

13. Ms. Mushimiyimana filed an I-730, Refugee Asylee Relative Petition for Plaintiff, that USCIS approved on March 3, 2011.

14. Plaintiff tried to adjust status, filing an I-485 application on October 8, 2015.

15. On July 6, 2016, USCIS notified Plaintiff that his case was administratively closed.

16. Despite efforts to understand what happened with his case, it was not until August 16, 2018, that the Boston Asylum Office sent Plaintiff a letter stating that his case was pending.

17. On August 30, 2018, the Boston Asylum Office sent Mr. Sabato a letter confirming that his case was pending.

18. On September 17, 2019, Plaintiff, through undersigned counsel, submitted a *nunc pro tunc* request with the Boston Asylum Office.

19. On March 2, 2020, Plaintiff had an interview with Officer Quill at the Boston Asylum Office.

20. Plaintiff has submitted numerous requests for an update on his case, including on July 8, 2020, and October 26, 2020, with only boilerplate letters lacking any meaningful update on his case.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION: APPLICATION FOR ASYLUM *NUNC PRO TUNC*

21. The allegations in paragraphs 1-20 are re-alleged and incorporated herein.

22. The actions of the defendants as to the petition filed on behalf of Mr. Sabato have caused unlawful, unreasonable delay in the adjudication of the petition, and constitute an unlawful, unreasonable failure to adjudicate the petition, in violation of the APA, the INA, the Code of Federal Regulations, and denies the plaintiffs' due process and equal protection of the laws guaranteed by the Fifth Amendment of the Constitution of the United States of America. *See*. e.g., 5 U.S.C. § 555(b) ("With due regard for the

convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it.").

23. Pursuant to 5 U.S.C. §§ 702, 706(1), the plaintiffs are entitled to declaratory and injunctive relief to "compel agency action unlawfully withheld or unreasonably delayed" with regard to the petition filed by Mr. Sabato.

24. Plaintiff has a right to have his application adjudicated within a reasonable time pursuant to the APA. 5 U.S.C. § 555(b). *See also Villa v. DHS*, 607 F. Supp. 2d 359, 365 (N.D N.Y. 2009); *Yu v. Brown*, 36 F. Supp. 922, 932 (D.N.M. 1999). The Immigration and Nationality Act states that "in the absence of exceptional circumstances, final administrative adjudication of the asylum application shall be completed within **180 days** after the date an application is filed." 8 U.S.C. §1158(d)(5)(A)(iii) (emphasis added).

25. Alternatively, the plaintiff is entitled to mandamus relief to compel the adjudication of the petition filed because (1) the defendants have a nondiscretionary, ministerial, clear duty to adjudicate the application; (2) the plaintiff has a clear right to an adjudication of the petition within a reasonable time; and (3) there is no other adequate remedy available to the plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiff prays that this Honorable Court grant the following relief:

(a) Assume jurisdiction over this matter;

(b) Declare that the defendants' have unreasonably delayed, and have unreasonably failed to complete, the adjudication of Mr. Sabato's I-589 application for asylum *nunc pro tunc*, in violation of law;

5

(c) Order the defendants to adjudication the I-589 application that Mr. Sabato filed X [Check the time reqs];

(d) Retain jurisdiction over this case to ensure compliance with this Court's orders;

(e) Award costs, and attorney's fees under the Equal Access to Justice Act (EAJA) as amended, 5 U.S.C. § 2412, and on any other basis justified under the law; and

(f) Grant any other and further relief that the Court deems just and proper.

Dated: May 24, 2021

/s/ Melanie Shapiro
MELANIE SHAPIRO
Ma. Bar No. 684288
Law Office of Melanie Shapiro, LLC
60 Guild Street, Suite 2
Norwood, MA 02062
Ofc.: (781) 461-0100
Fax.: (781) 461-0105
melanie@melanieshapiroesq.com